Brady, J.
This action was brought for a dissolution, of a co-partnership, and an accounting. It'so far progressed -that on the 22d of July, 1885, an interlocutory judgment *872 was directed, dissolving the co-partnership and ordering an accounting between the parties, appointing a receiver of the property, and a referee to take the accounting.
The decree also directed the payment of certain allowances to the attorneys of the parties and adjudged the payment of costs. After it was entered, the defendant Fitzgerald, who claimed to be creditor of the co-partnernership, applied to be made a party defendant and that the decree be modified by striking out the allowances. The motion was denied. He then appealed to the general term, where, after -a hearing, the judgment was modified by striking out the allowance, allowing Fitzgerald to come in as a party, nunc pro tune, as of a date prior to the decree, but subject, nevertheless, to the interlocutory judgment as thus modified.
In that part of the judgment relating to the reference, the language “to hear and determine the issues in this action, and to take and state the assets, liabilities, accounts, etc.,” is used. But this was evidently a mistake, because such issues had already been determined by the interlocutory judgment, and the reference was merely for the purpose of stating the account, and for none other, except to ascertain the rights of the parties and the creditors in the funds, the proceeds of the assets. The duty of the referee, in other words, was to ascertain what amount of assets existed and what distribution should be made of them when ascertained, and nothing more.
The referee, however, without authority and with seeming antagonism to the decree, made a finding that the action had been improperly begun for the purpose of consuming the assets of the firm in litigation, and that Fitzgerald alone should have the taxable costs of the action and that the balance should be distributed between the creditors. This was clearly without authority, as we have already seen. Fitzgerald was let in as a party subject to the judgment, except as modified in the respects stated.
The report thus made was filed, and by a mistake of the clerk of the plaintiff’s attorney the time allowed for exceptions expired. On application, an order was obtained to show cause why the plaintiff should not be allowed to file exceptions to the report nunc pro tune. The application was granted, and the order expressive of this result is one of those appealed from. The exceptions, which were to the finding criticised as improperly made by the referee, having been introduced, and the confirmation of the report coming on to be heard, an order was made allowing the ■ exceptions, from which order also an appeal is taken.
There can be no doubt of the power of the court to permit exceptions to be filed after the prescribed time, and the *873 exercise of the power is one resting in the sound discretion of the court, and with which this court, as one of review, would not interfere unless the facts and circumstances warranted the conviction that the discretion was abused.
In this case it appears that the exception was eminently proper. It is therefore impossible to say with any propriety that the discretion was improvidently exercised. For these reasons, notwithstanding persistent efforts on the part of the learned counsel for the appellant, the orders thus considered must be affirmed.
It seems also that prior to the entry of these orders and after the arguments of the motions embraced in them, and after a decision had been rendered in reference to them, the learned counsel referred to, obtained an order to show cause staying the entry of those orders and requiring the plaintiff to show cause why the interlocutory decree should not be re-settled by striking out the award of costs therein.
That motion was denied, for the reason as appears from the decision of the learned justice that having been the subject of consideration by the general term, he could not allow it. It will be remembered that there was an appeal to the general term by the present appellant, which was predicate of the refusal of the court below to grant his application to be admitted a party defendant, and to have the allowances stricken out, which did not embrace any assault upon the costs provided for by the decree. Aside, therefore, from the loches which characterized the proceedings on the part of the appellant, the omission to embrace the subject of costs in the application was quite sufficient to justify the decision, rendered against him.
In the case of Woodford v. Bucklin (14 Hun, 444), it was held that in an action of equity where a reference had been ordered and the referee had passed upon the question of costs", the special term had no power to strike them out on motion. The remedy was by appeal from the judgment, although the rule in action of law was different.
In that case, however, the reference was to hear and determine, the action being in the nature of a creditor’s bill, to set aside certain conveyances. Here the referee was not invested with any authority on the subject of costs for the reasons already indicated, namely that he was merely to take an account of the property of the firm and the amounts to which any person or persons or either of the parties to the action was respectively entitled and to report the same to the court. The appellant through his counsel, learned in the law, complains that the justice in deciding the first and second motions, stated that the decree had, already settled the question of costs. This was strictly *874 true. The decree had disposed of the question of costs, and as we have seen the only way in which it could be corrected, is by appeal, which was within the power of the appellant to accomplish, and which he failed to make any efforts to achieve.
The appellant’s counsel has built the fabric of his appeal substantially upon the proposition that the reference ordered by the decree, which had disposed of the main issues of the controversy was one to hear and determine. In this, as we have seen, he erred, and his legal structure is one built upon sand.
For these reasons, the orders should be affirmed, with ten dollars .costs and disbursements.
Daniels, J., concurs.